# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

STATE OF OHIO,
ex rel DANIEL L. BROWN,

      Petitioner,    :    Case No. 3:06-cv-273

           District Judge Thomas M. Rose
   -vs-          Chief Magistrate Judge Michael R. Merz

    :

JUDGE A. J. WAGNER,
Court of Common Pleas,
Montgomery County, Ohio,

      Respondent.

## REPORT AND RECOMMENDATIONS

This case is before the Court on Motion of Respondent The Honorable A.J. Wagner to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction (Doc. No. 6) and Petitioner Daniel Brown's Motion in Opposition (Doc. No. 8). Respondent has filed a Reply in support (Doc. No. 13).

Plaintiff brought this action *pro se* to obtain a writ of prohibition against Respondent who is a judge of the Montgomery County Common Pleas Court to prevent Judge Wagner from proceeding in a case pending before him in which JP Morgan Chas Bank N.A. is the plaintiff and Petitioner is the Defendant (C.P. Case No. 2005 CV 07582; the "2005 Common Pleas Case"). In the 2005 Common Pleas case, JP Morgan seeks to foreclose on a mortgage on the real property located at 3624 Camelot Road in which Plaintiff resides.

Petitioner asserts here that the Common Pleas Court lacks subject matter jurisdiction over the 2005 Common Pleas Case because "the issue [in that case] evolves from a void judgment that deprived petitioner of his property without due process," to wit, the June 30, 1997, judgment in

Montgomery County Common Pleas Case No. 1991 CV 2581 (styled Glendale Federal v. Daniel L. Brown, the "1991 Common Pleas Case").

Mr. Brown "is only asking this honorable court to prohibit the state court from presiding over a case that it lacks jurisdiction." (Petition, Doc. No. 2, p. 2). He does not make an affirmative statement in the Petition of why this Court would have jurisdiction, except to argue that our jurisdiction is not barred by the *Rooker-Feldman* doctrine. See *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983).

Respondent seeks dismissal under Fed. R. Civ. P. 12(b)(1), asserting that this Court lacks subject matter jurisdiction on two grounds: Judge Wagner asserts we are barred from prohibiting him from proceeding by the Anti-Injunction Act, 28 U.S.C. §2283, and by *Rooker-Feldman*.[1]

## The Anti-Injunction Act

The Anti-Injunction Act, 28 U.S.C. §2283, provides:

> A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

In one form or another, the Anti-Injunction Act has been part of the federal judicial code since 1793, although the reasons for its initial adoption are unknown. Wright, Miller & Cooper, Federal practice and Procedure: Jurisdiction 2d §4221, n. 3, citing *Toucey v. New York Life Ins. Co.*, 314 U.S. 118 (1941)(Frankfurter, J.). In its current form, as adopted in 1948, it "is an absolute prohibition against enjoining state court proceedings, unless the injunction falls within one of three specifically defined

---

[1] Respondent begins by noting that the writ of mandamus has been abolished in district court practice by Fed. R. Civ. P. 81(b). However, although the Petition here is captioned as if both mandamus and prohibition relief were sought, it is clear that the only relief sought is in the nature of a prohibitory injunction.

exceptions." *Atlantic Coast Line R. Co. v. Brotherhood of Locomotive Engineers,* 398 U.S. 281, 286 (1970).

In his Motion in Opposition, Mr. Brown asserts that this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, and 2201 (Motion in Opposition, Doc. No. 8, at 13).  The latter two statutes are not applicable. § 1332 creates subject matter jurisdiction when the parties are of diverse state citizenship.  It is abundantly clear from the face of the Petition that Mr. Brown and Judge Wagner are both citizens of Ohio.  Secondly, 28 U.S.C. §2201, the declaratory judgment statute, does not create any extension of federal jurisdiction at all.  *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667 (1950); *Louisville & Nashville R.R. Co. v. Donovan*, 713 F. 2d 1243 (6th Cir. 1983).

However, the Court finds that Petitioner states a claim for relief under 42 U.S.C. §1983 in that he claims he was deprived of his property without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution by the manner in which the June 30, 1997, judgment was entered in the 1991 Common Pleas Case.  That is, he asserts that the Montgomery County Common Pleas Court did not acquire personal jurisdiction over him in that case, that it therefore also lacked subject matter jurisdiction, that the June 30, 1997, judgment is therefore void, and that Judge Wagner therefore lacks subject matter jurisdiction over the 2005 Common Pleas Case.

While Mr. Brown does not expressly plead that he is proceeding under 42 U.S.C. §1983, as a *pro se* litigant, he is entitled to liberal construction of his pleadings.  *Westlake v. Lucas*, 537 F.2d 857 (6th Cir. 1976), citing *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).

42 U.S.C. §1983, R.S. §1979, was adopted as part of the Act of April 20, 1871, and reads, as amended:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

3

> deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress , except that in any action brought against a judicial officer, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a constitutional right by someone acting under color of state law. *Memphis Community School District v. Stachura,* 477 U.S. 299, 106 S. Ct. 2537, 91 L. Ed. 2d 249 (1986); *Carey v. Piphus,* 435 U.S. 247, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978). The purpose of §1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *Wyatt v. Cole*, 504 U.S. 158, 1125 S. Ct. 1827, 118 L. Ed. 2d 504 (1992). In order to be granted relief, a plaintiff must establish that the defendant deprived him of a right secured by the U.S. Constitution and the laws of the United States and that the deprivation occurred under color of state law. *See West v. Atkins,* 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988); *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981); *Flagg Brothers Inc. v. Brooks*, 436 U.S. 149, 155, 98 S. Ct. 1729, 56 L. Ed. 2d 185 (1978).

The Supreme Court has determined that actions for injunctive relief under 42 U.S.C. § 1983 are "expressly authorized" by Act of Congress and therefore not prohibited by the Anti-Injunction Act. *Mitchum v. Foster*, 407 U.S. 225 (1972); *see also Lawson v. Hill*, 368 F. 3d 955 (7th Cir. 2004). *Martingale LLC v. City of Louisville*, 361 F. 3d 297 (6th Cir. 2004), relied on by Respondent, is not to the contrary because it is not a § 1983 case. Therefore Respondent's Motion to Dismiss under the Anti-Injunction Act is not well taken.

*Rooker-Feldman*

Respondent also contends that this Court lacks jurisdiction pursuant to the *Rooker-Feldman* doctrine.

When a constitutional claim asserted in a federal proceeding is inextricably intertwined with a judgment entered in a state court, the district courts are without subject matter jurisdiction to consider the matter; it must be brought into the federal system by petition for writ of certiorari to the United States Supreme Court. *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923); *Dist. Columbia Ct. of Appeals v. Feldman,* 460 U.S. 462, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Peterson Novelties, Inc. v. City of Berkley,* 305 F.3d 386, 390 (6th Cir. 2002); *In re Sun Valley Foods Co.*, 801 F.2d 186 (6th Cir. 1986); *Johns v. Supreme Court of Ohio,* 753 F.2d 524 (6th Cir. 1985).

At the time Mr. Brown filed this action, there was no final state court judgment. Rather, Magistrate O'Connell had rendered a magistrate's decision under Ohio R. Civ. P. 53, Mr. Brown had objected, and the parties were awaiting a decision by Judge Wagner. In *Exxon Mobil v. Saudi Basic Industries, Corp.*, 544 U.S. 280 (2005), a unanimous Supreme Court decided that *Rooker-Feldman* should not be expanded to a case where there was parallel state and federal litigation, but the state court reached judgment first. Rather, ordinary preclusion doctrine under 28 U.S.C. §1738 would control. That is the situation this Court faces because Judge Wagner has now entered a final judgment. Put another way, had Judge Wagner entered judgment before this case was filed, *Rooker-Feldman* would bar the exercise of jurisdiction, but since he did not, this Court is not barred by that doctrine.

**Mootness**

In his Reply Memorandum, Respondent now urges this Court to dismiss the Petition because it is moot. Because Judge Wagner has now proceeded to judgment in the 2005 Common Pleas Case, it appears that this case is moot. Judge Wagner has decided the question of whether his court had

5

subject matter and personal jurisdiction and the underlying question of whether the June 30, 1997, judgment in the 1991 Common Pleas Case was void. Mr. Brown can challenge that decision on appeal to the Montgomery County Court of Appeals. Since this Court can no longer render the relief Petitioner seeks, the case should be dismissed without prejudice for mootness.

October 17, 2006.

                                                  s/ Michael R. Merz
                                      Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).